IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THELMA KEYS a/k/a<br>THELMA CROWDER<br>11 Revere Way<br>Winslow Township, NJ 08081<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>c/o U.S. Department of Veterans Affairs<br>Office of Regional Counsel - Region 4<br>7180 Highland Drive<br>Pittsburgh, PA 15206-1297; and,<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS<br>VA Pittsburgh Healthcare System<br>7180 Highland Drive<br>Pittsburgh, PA 15206-1297; and<br><br>VETERANS AFFAIRS MEDICAL CENTER a/k/a<br>PHILADELPHIA VA MEDICAL CENTER<br>3900 Woodland Avenue<br>Philadelphia, Pennsylvania 19104, and,<br><br>DR STEPHEN J. KOVACH III MD<br>3900 Woodland Avenue<br>Philadelphia, Pennsylvania 19104, and,<br><br>ABC Corporations 1-100, and<br>JOHN DOE DOCTORS 1-100, and,<br>JANE DOE NURSES 1-100, and<br>JOHN DOE MEDICAL STAFF 1-100 (said names being fictitious),<br><br>    Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br>COMPLAINT |

## CIVIL ACTION - COMPLAINT

Plaintiff, Thelma Keys, a/k/a Thelma Crowder, residing at 447 Bellvue Avenue, City of Trenton, Mercer County, New Jersey, by and through her attorney, Andrew M. Kusnirik, III, Esquire brings this Complaint against the Defendants and in support thereof, alleges as follows:

## INTRODUCTION

This is an action for monetary and other appropriate compensatory relief requested by plaintiff, Thelma Keys, to redress the medical negligence, medical malpractice and other claims of carelessness and negligent actions by the Defendants and the rights secured for the plaintiff by the laws of the United States of America and the State of New Jersey.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. §1346(b). Jurisdiction is founded on 28 U.S.C. §1346(b).

2. Venue is appropriately laid in the District of New Jersey pursuant to 28 U.S.C. §1391 (a), as it is the judicial district in which the Plaintiff resides.

## PARTIES

3. Plaintiff, Thelma Keys, (hereinafter referred to as "Plaintiff"), is a citizen of the State of New Jersey, residing at the above captioned address.

4. Defendant, UNITED STATES OF AMERICA, pursuant to 28 U.S.C. Sec. 1346(b) and Sec. 2671 et. seq. is Defendant governing body controlling, regulating, administering and otherwise responsible for the actions of the defendant agents, servants and employees detailed below.

5. Defendant, U.S. DEPARTMENT OF VETERANS AFFAIRS, is a governmental agency that provides, among other things, health care services to Veterans and their families and otherwise implements policies and procedures that effect the health and welfare of citizens of the United States and the State of New Jersey.

2

6. Defendant, VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER, is a governmental medical provider/facility and healthcare facility and sub-agency of the aforesaid Defendants with offices at the above captioned address that carries out the policies and procedures of the DEFENDANT, UNITED STATES OF AMERICA and/or DEFENDANT VETERANS AFFAIRS.

7. Defendants, ABC CORPORATIONS 1-100 (said names being fictitious) and JOHN DOE DOCTORS 1-100 (said names being fictitious) and JANE DOE NURSES 1-100 (said names being fictitious) and JOHN DOE MEDICAL STAFF 1-100 (said names being fictitious), are agents, servants and/or employees of the DEFENDANTS, UNITED STATES OF AMERICA, and/or U.S. DEPARTMENT OF VETERANS AFFAIRS and/or VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER and are responsible to carry out the policies and procedures of the UNITED STATES OF AMERICA, and/or U.S. DEPARTMENT OF VETERANS AFFAIRS and/or VETERANS AFFAIRS MEDICAL CENTER a/k/a VA MEDICAL CENTER.

8. At times relevant hereto, all Defendants were acting under color of federal law in their official or individual capacities.

## COUNT ONE
## PLAINTIFF v. ALL DEFENDANTS
## MEDICAL MALPRACTICE & NEGLIGENCE

9. On and before May 29, 2008, Plaintiff Thelma Keys experienced diverse physical ailments including but not limited to symptomatic Macromastia causing severe pain in her neck, back and shoulders.

10. Plaintiff Thelma Keys sought and received medical care, treatment and/or advice from defendants UNITED STATES OF AMERICA, and/or U.S. DEPARTMENT OF VETERANS AFFAIRS and/or VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER and DR STEPHEN J. KOVACH III MD and ABC CORPORATIONS 1-100 (said names being fictitious) and JOHN DOE DOCTORS 1-100 (said names being fictitious) ans JANE DOE NURSES 1-100 (said names being fictitious) JOHN DOE MEDICAL STAFF 1-100 (said names being fictitious), because of the aforementioned physical ailments.

11. At all times mentioned defendant VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER was a hospital duly licensed and authorized to deliver health care and related services in Pennsylvania and to veterans and their families residing in the State of New Jersey, and undertook to perform and discharge such function through facilities established and medical, professional, quasi-professional, licensed and other personnel, employed or accorded privileges in connection therewith.

12. Upon information and belief, Defendant DR STEPHEN J. KOVACH III MD was and is a physician licensed to practice medicine in Pennsylvnia, and at all times relevant hereto was actively engaged in practice at VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104.

13. All times hereinafter mentioned, the Defendant DR STEPHEN J. KOVACH III MD held himself out to the public as a competent and skillful physician, capable of competently and skillfully caring for patients including the Plaintiff Thelma Keys, and/or in teaching, instructing and/or supervising the activities of medical, professional, quasi-professional, licensed and other personnel.

14. At all times hereinafter mentioned, the Defendant DR STEPHEN J. KOVACH III MD was engaged in the practice of his profession, and represented to the public at large, and more particularly to the Plaintiff Thelma Keys, that he was skilled, competent and qualified to treat her medical conditions and medical needs and attend to her medical issues requiring medical attention.

15. Defendant DR STEPHEN J. KOVACH III MD undertook to administer medical care, services, attend and monitor the health of the Plaintiff Thelma Keys, and to diagnose and treat Plaintiff Thelma Keys in or about May 29, 2008 at the VETERANS AFFAIRS MEDICAL CENTER a/k/a PHILADELPHIA VA MEDICAL CENTER owned, maintained and operated by Defendant United States of America and/or Defendant Veterans Affairs.

16. At all times relevant hereto, Plaintiff Thelma Keys followed the advice, recommendation and assurances of all Defendants in her care and treatment.

17. Defendants despite having been informed and being knowledgeable of the physical condition and complaints of Plaintiff Thelma Keys failed to properly: diagnose; treat; perform surgery and post-surgical care; provide sterile conditions; order or perform appropriate tests; inform; obtain consent; and/or determine the medical or physical condition of Plaintiff and treat same in accordance with acceptable medical standards.

18. Defendants despite having been informed and being knowledgeable of the physical condition and complaints of Plaintiff Thelma Keys failed to properly treat Plaintiff Thelma Keys.

19. The manner in which the Defendants herein named, jointly and/or severally, carried out their duty, obligation and undertaking to render medical care and attention to Plaintiff Thelma Keys was the direct and proximate cause of severe and disabling injuries,

emotional trauma, scarring and disfigurement to Plaintiff.

20. Plaintiff's severe and disabling injuries, emotional trauma, scarring and disfigurement was the direct and proximate result of the carelessness, negligence and/or deviations from standards of care of the Defendants herein named, jointly and/or severally, their agents, servants an/or employees; in the negligent and careless attention and treatment rendered to Plaintiff Thelma Keys herein; in failing to exercise due care and preference to said Plaintiff Thelma Keys; in failing to recognize symptoms, indications and manifestations of the Plaintiff Thelma Keys, in negligently performing medical acts, medical procedures, physical therapy, and/or other acts which are not performed by experienced physicians, physical therapists and their qualifications, training or physical ability; in the negligent, careless and unskilled examination and/or treatment and/or diagnosis and/or monitoring of said Plaintiff Thelma Keys; in failing to use due care in the examination, care, treatment and rehabilitative procedures of the Plaintiff Thelma Keys condition; in failing to use such skill, and judgment that is ordinarily used by physicians and physical therapists in the locality where the said Defendants were practicing; in failing to take adequate, proper and necessary safeguards sufficient to prevent the occurrence herein set forth; in failing to use the proper modes, practices, procedures and standards made, set and provided for within the community; in failing to comply with the standards and care provided for by physicians, surgeons and/or physical therapists where the Defendants were practicing; in failing to use the accepted, correct and recognized modes of procedures in connection with similar conditions and/or injuries such as that from which the Plaintiff Thelma Keys suffered; in treating the Plaintiff Thelma Keys in a manner contrary to the accepted rules and standards of the community wherein the treatment was utilized upon Plaintiff Thelma Keys; in departing from standard methods and generally

6

used methods; in failing to use and exercise methods that required a degree of care, skill, judgment and diligence; in failing to provide the usual degree of learning or accomplishment ordinarily possessed by doctors and physical therapists within that locality; in negligently causing, allowing and permitting the Plaintiff Thelma Keys condition to worsen or progress to cause her additional pain, suffering, disfigurement and trauma in failing to take proper, timely steps and to render proper and timely examination of the Plaintiff Thelma Keys; in failing to provide Plaintiff Thelma Keys with adequate or proper treatment; in failing to treat the Plaintiff Thelma Keys with regard for her safety; in failing to provide suitable and adequate facilities and appliances for the examination, care and treatment of the Plaintiff Thelma Keys; in failing to properly treat and monitor Plaintiff Thelma Keys condition and treatment; in allowing the Plaintiff Thelma Keys condition to advance, progress, accelerate and worse; in failing to take the appropriate tests to monitor the Plaintiff Thelma Key's condition; in failing to prescribe proper medication and/or prescribing improper medication and/or dosages to treat the Plaintiff Thelma Key's condition; in failing to refer the Plaintiff Thelma Keys to specialists or other competent physicians for conditions from which the Plaintiff Thelma Keys suffered; in failing and negligently seeing to it that the Plaintiff Thelma Keys was at all times cared for; in failing, causing, allowing and/or permitting the Plaintiff Thelma Keys to suffer while under the care of the Defendants, jointly and/or severally, their agents, servants and/or employees; in failing to duly inform Plaintiff of the risks and potential complications associated with treatment and obtain Plaintiff's complaint for all treatment; in failing to obtain Plaintiff's consent for certain procedures; in causing, allowing and permitting the Plaintiff Thelma Keys to suffer, which suffering the Defendants, jointly and/or severally, could and should have known of and were likely to

7

discovery in the exercise of reasonable care, observation and diligence and knew what would have resulted in the diagnosis, care and treatment of the Plaintiff Thelma Keys; and that the Defendants inflicted further injury because of their care and treatment of the Plaintiff Thelma Keys; in failing to provide facilities which were clean, sterilized, well kept, supervised, maintained, and monitored; in failing to provide instruments, and/or syringes, and/or needles which were clean, sterilized, safely kept, and maintained in an appropriate way as to keep them free from bacterial viruses and infections; in failing to heed the Plaintiff Thelma Key's observations, complaints and requests for treatment; in failing to request the Plaintiff Thelma Keys to go to a medical facility for further examination of the symptoms of which Plaintiff Thelma Keys complained; Defendants jointly and/or severally were negligent and careless.

21. Plaintiff Thelma Keys as a direct and proximate cause of the foregoing, was subject to and continues to be subject to great physical, emotional and mental pain; suffering; anguish; disfigurement; scarring; trauma; and, disability.

22. In connection with the harm sustained by the Plaintiff Thelma Keys, the Plaintiff Thelma Keys necessarily incurred medical and non-medical expenses and continues to incur expenses in various and diverse amounts, as well as other expenses in connection with seeking past present and future treatment at medical facilities, sought in order to remedy the careless and negligent acts of the Defendants herein, jointly and/or severally. Plaintiff Thelma Keys has additionally sustained past, present and future lost earnings and her ability to be gainfully employed has been diminished.

*Wherefore*, the Plaintiffs demand judgment against the Defendants for damages, special damages and together with attorney's fees, interest, expenses and costs of suit and such further relief as the Court may deem proper.

## COUNT TWO
## PLAINTIFF v. ALL DEFENDANTS
## GROSS NEGLIGENCE

1. Plaintiffs repeat and reallege the allegations of Count One of the Complaint as if set forth at length herein.

2. The gross negligence and wantonly reckless and wrongful acts of Defendants, jointly and/or severally, were the direct and proximate cause of Plaintiff Thelma Keys suffering and continuing to suffer and be subject to great physical, emotional and mental pain; suffering; anguish; disfigurement; scarring; trauma; and, disability.

3. In connection with the harm sustained by the Plaintiff Thelma Keys the Plaintiff Thelma Keys necessarily incurred medical and non-medical expenses and continues to incur expenses in various and diverse amounts, as well as other expenses in connection with seeking past present and future treatment at medical facilities, sought in order to remedy the careless and negligent acts of the Defendants herein, jointly and/or severally. Plaintiff Thelma Keys has additionally sustained past, present and future lost earnings and her ability to be gainfully employed has been diminished.

4. Plaintiffs, by reason of the grossly negligent and wantonly reckless acts and omissions of the Defendants herein, jointly and/or severally, in connection with the care and treatment of Plaintiff Thelma Keys, pray for punitive damages.

*Wherefore*, the Plaintiffs demand judgment against the Defendants for damages, special damages and punitive damages, together with attorney's fees, interest, expenses and costs of suit and such further relief as the Court may deem proper.

LAW OFFICES OF
ANDREW M. KUSNIRIK, III
Attorneys for Plaintiff Thelma Keys

_____
Andrew M. Kusnirik III, Esq.

Dated: September 20, 2012

CERTIFICATION

*Please Take Notice* that I hereby certify that this matter is not the subject of any other action pending in any other Court or arbitration proceeding, and that no other action in any Court or arbitration proceeding is contemplated. I further certify that all known necessary parties have been joined in this action.

        LAW OFFICES OF
        ANDREW M. KUSNIRIK, III
        Attorneys for Plaintiff Thelma Keys

        _____
        Andrew M. Kusnirik III, Esq.

Dated: September 20, 2012

DESIGNATION OF TRIAL COUNSEL

*Please Take Notice* that Andrew M. Kusnirik III is hereby designated as trial counsel.

        LAW OFFICES OF
        ANDREW M. KUSNIRIK, III
        Attorneys for Plaintiff Thelma Keys

        _____
        Andrew M. Kusnirik III, Esq.